ROBB, Judge, dissenting.
■ I respectfully dissent from the majority’s determination that the District did not have statutory authority to cancel the Treatment Agreements pursuant to Indiana Code section 5-22-17-5 and was therefore not entitled to judicial review.
Indiana Code section 5-22-17-5(a) provides that “[w]hen the fiscal body of the governmental body makes a written determination that funds are not appropriated or otherwise available to support continuation of performance of a contract, the contract is considered canceled.” In order to be. entitled to cancel a contract pursuant to this provision, the contract must be subject to the Public Purchasing Statute, which was enacted in 1997 and, in general, governs “every expenditure of public funds by a governmental body,” Ind.Code § 5-22-1-1, subject to certain exceptions and limitations, Ind.Code §§ 5-22-1-2, 5-22-1-3; City of Fort Wayne v. Pierce Mfg., Inc., 853 N.E.2d 508, 512 (Ind.Ct.App.2006). As relevant to this case, the Public Purchasing Statute does not apply to “[a] contract between governmental bodies except for a contract authorized under this article.” Ind.Code § 5-22-l-3(a)(l) (emphasis added). As all parties concede this is a contract between governmental entities, the Treatment Agreements are therefore not subject to the Public Purchasing Act unless they are authorized under Indiana Code article 5-22. The-District contends the Treatment Agreements are, so authorized; the trial-court concluded and the majority agrees they are not. I agree with the District.
The District relies on Indiana Code section 5-22-6-1 as the authority for the Treatment Agreements. According, to that section, “[t]he purchasing agency of a governmental body may purchase services using any procedure the governmental body or the purchasing agency óf the governmental body considers appropriate.” Governmental bodies may “may adopt rules” and “establish policies” to that end; Ind.Code § 5-22-6-2. In other words, under Indiana Code chapter 5-22-6, “government bodies are afforded nearly absolute discretion in purchasing services.” Hamrick’s Diesel Serv.,& Trailer Repair, LLC v. City of Evansville ex rel. Bd. of Pub. Works, 935 N.E.2d 764, 766 (Ind.Ct.App.2010). .The majority interprets this section as “merely giv[ing] a governmental body discretion in deciding the procedures it wants to use for purchasing services” and not as a specific authorization to actually purchase those services. See op. at ¶ 18.
I believe this interpretation too narrowly construes Indiana Code section 5-22-6-1. There would be no reason for the legislature to set forth in the Public Purchasing Statute that a governmental body has discretion in deciding how to purchase services if it was not also autho *410 rizing the governmental body to make the purchase in the first place. I believe the intent of the legislature is effected by interpreting the statute as follows: the governmental body may purchase services and may use any procedure the governmental body considers appropriate.
Again, Indiana Code section 5-22-l-3(a)(l) excludes from the Public Purchasing Statute contracts between governmental bodies unless the contracts are authorized under the statute itself. Because I agree with the District that the Treatment Agreements were authorized by Indiana Code section 5-22-6-1, I would hold that the trial court erred in determining the District was not statutorily authorized to cancel the agreements. The District made the determination required by Indiana Code section 5-22-17-5 to cancel the Treatment Agreements, and the merits of that determination are now subject to judicial review. Ind.Code § 5-22-19-2. I would reverse and remand for the trial court to review the District’s determination accordingly.